Johnson, C. J. This is an indictment for an assault with intent to commit the crime of mayhem. The defendant was acquitted of the intent charged against him but convicted of an assault. The only question raised by the record is whether the circuit court erred in thus acquitting the defendant of the intent to maim, and convicting him of a common assault. Every attempt to commit a felony against the person of individuals involves an assault. Prove an attempt to commit such felony, and prove it to have been done under such circumstances that had the attempt succeeded the defendant might have been convicted of the felony, and the party may be convicted of an assault with intent to commit such felony. If you fail in proving the intent but prove the assualt, the defendant may be convicted of the common assault. See Archbold’s C. P. p. 357. A party indicted of one offence may be convicted of a lesser, provided it be of the same class with that with which he is charged. “On an indictment for an assault with intent to murder, there may be a conviction of an assault simply. State vs. Coy, 2 Atk. 181. Stewart vs. State, 5 Ohio 242. If a party indicted for an assault with intent to murder could be convicted of a simple assault we think it clear that such a finding would be good under an indictment for an assatilt with intent to commit mayhem. The offence charged against the defendant below necessarily includes a simple assault,- and the two offences clearly belong to the same class.- Affirmed.'